UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FT. MYERS TAV APTS, LLC, a
Delaware limited liability company,
and THE MARCUS
ORGANIZATION, INC., a New
York corporation,

        Plaintiffs,

v.                      Case No.:  2:25-cv-1172-SPC-NPM

EVEREST NATIONAL
INSURANCE COMPANY, a
foreign corporation;
WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,
a foreign corporation; RSG
SPECIALTY, LLC, a foreign
corporation; RT SPECIALTY, a
foreign corporation; and RYAN
SPECIALTY UNDERWRITING
MANAGERS, a foreign corporation,

        Defendants.

---

## <u>OPINION AND ORDER</u>

Before the Court is Plaintiffs Ft. Myers Tav Apts., LLC and The Marcus Organization Inc.'s complaint.  (Doc. 1).  For the below reasons, Plaintiffs' complaint is dismissed without prejudice for lack of subject matter jurisdiction.

Plaintiffs invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  For diversity jurisdiction to exist, the plaintiff(s) and defendant(s)

must be citizens of different states, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a)(1). Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citation omitted); *see also Kunce v. SPM of Ala., LLC*, No. 6:25-CV-533-PGB-RMN, 2025 WL 974674, at *1 (M.D. Fla. Apr. 1, 2025) (noting that "[i]n a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse.").

Plaintiffs fail to properly allege diversity of citizenship. Plaintiffs' complaint alleges that Defendant Everest National Insurance Company "is a foreign insurance company, organized and existing under the laws of a state other than Florida, with its principal place of business outside Florida." (Doc. 1 ¶ 6). Almost identical language is used for each of the other four defendants, all of which are foreign corporations. (*Id.* ¶¶ 8, 15). That does not work.

Negative allegations of citizenship are insufficient. Plaintiffs must affirmatively and specifically allege the citizenship of the Defendants to demonstrate diversity. *See Kalergis v. Home Depot USA, Inc.*, No. 6:24-CV-743-JA-DCI, 2024 WL 1765586, at *1 (M.D. Fla. Apr. 24, 2024) ("[N]egative pleading of citizenship is inadequate to establish this Court's subject matter jurisdiction." (citation omitted)); *see also Leech Tishman Fuscaldo & Lampl,*

*LLC v. Cart*, No. 3:15-CV-311-J-39JBT, 2015 WL 13653043, at *1 (M.D. Fla. Mar. 27, 2015) ("Plaintiff cannot plead its citizenship in the negative."). Because Plaintiffs fail to affirmatively allege diversity of citizenship, they fail to establish this Court's subject matter jurisdiction.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' complaint (Doc. 1) is **DISMISSED without prejudice**.

2. Plaintiffs may file an amended complaint on or before **January 5, 2026**. **Failure to do so will cause the Court to close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on December 22, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3